FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 18, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

JESSICA A.,

                Plaintiff,

-vs-

KILOLO KIJAKAZI, Acting Commissioner of Social Security

                Defendant.

No.   2:22-CV-0265-WFN

ORDER

      Jessica A. [Plaintiff] brings this action seeking judicial review of the Commissioner of Social Security's final decision denying her application for disability benefits. ECF No. 1. Attorney Jeffrey Schwab represents Plaintiff. Special Assistant United States Attorney David Burdett represents the Commissioner [Defendant]. After reviewing the administrative record and the briefs filed by the parties, the Court **REVERSES** the Commissioner's final decision.

## JURISDICTION

      Plaintiff applied for Supplemental Security Income on February 12, 2020, alleging disability beginning on December 1, 2019. Tr. 259–76. She later amended her alleged onset date to February 12, 2020. Tr. 103. The application was denied initially, Tr. 135–47, and on reconsideration, Tr. 149–68. Administrative Law Judge [ALJ] Lori Freund held a hearing on September 20, 2021, Tr. 99–134, and issued an unfavorable decision on October 28, 2021, Tr. 26–47. The Appeals Council denied review on September 19, 2022. Tr. 1–7. The ALJ's October 2021 decision became the Commissioner's final decision, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on November 4, 2022. ECF No. 1.

ORDER - 1

## FACTS

Plaintiff was born in 1992 and was 27 years of age as of her alleged onset date. Tr. 23, 259. She has a GED and past work as a fast-food worker, waitress, and hostess. Tr. 35, 128-29, 313. Plaintiff alleges disability based on seizures, migraines, anxiety, bipolar disorder, personality disorder, and post-traumatic stress disorder [PTSD]. Tr. 370.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir.1995). The Court reviews the ALJ's legal conclusions *de novo* but gives deference to a reasonable interpretation of a statute the agency is charged with administering. *See McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The ALJ's decision will be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097–98 (9th Cir. 1999). Substantial evidence is more than a scintilla, but less than a preponderance. *Id*. at 1098. Put another way, "'[i]t means such relevant evidence as a reasonable mind might assess as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for the ALJ's. *Tackett*, 180 F.3d at 1097–98; *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). The ALJ's decision is conclusive if it is supported by substantial evidence, even if conflicting evidence supports a finding of either disability or non-disability. *Sprague v. Bowen*, 812 F.2d 1226, 1229–30 (9th Cir. 1987). But a decision supported by substantial evidence will still be set aside if it is based on legal error. *Brawner v. Sec'y of Health & Hum. Servs.*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140–42 (1987). In steps one through four the claimant bears the

ORDER - 2

burden of establishing disability. *Tackett*, 180 F.3d at 1098–99. This burden is met once a claimant establishes that a physical or mental impairment prevents her from engaging in past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) the claimant can make an adjustment to other work; and (2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193–94 (9th Cir. 2004). If a claimant cannot make an adjustment to other work in the national economy, she will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## ADMINISTRATIVE DECISION

On October 28, 2021, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act. Tr. 26–47.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date. Tr. 31.

At step two, the ALJ determined Plaintiff had the following severe impairments: "seizures/nonepileptic spells; bipolar disorder; anxiety disorder with compulsive features; [and] borderline personality disorder." Tr. 32.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 33–34.

The ALJ assessed Plaintiff's Residual Functional Capacity [RFC] and found she can

> perform a full range of work at all exertional levels but with the following non[-]exertional limitations: She can never climb ladders, ropes, or scaffolds[;] She can occasionally climb ramps/stairs[;] She must avoid unprotected heights, hazards, hazardous machinery, the operational control of moving machinery, working around large bodies of water, and the use of any hazardous hand tools[;] She is limited to simple and repetitive tasks (there can be some

detail, but nothing complex, i.e., work can be up to a reasoning level of 3)[;] She could have superficial, brief interaction with the general public[;] She could have occasional interaction with coworkers, but no tandem tasks could be performed[;] She would need to avoid fast-paced assembly work[;] She should avoid working in areas with noise louder than loud traffic without hearing protection[;] She could tolerate occasional changes in a work setting.

Tr. 34.

At step four, the ALJ found Plaintiff was unable to perform her past relevant work as a fast-food worker, waitress, or hostess. Tr. 42.

At step five, the ALJ found, based on the vocational expert's testimony, and considering Plaintiff's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform. Tr. 42–43. The ALJ specifically identified the representative occupations of office helper, marker, and photocopy machine operator. Tr. 43.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the application date. *Id.*

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether the decision is based on proper legal standards.

Plaintiff contends the ALJ erred by (1) improperly evaluating the medical opinion evidence, (2) failing to conduct an adequate step three inquiry, (3) rejecting lay witness testimony, (4) rejecting Plaintiff's subjective complaints, and (5) failing to conduct an adequate step five inquiry. ECF No. 11 at 1–2.

## DISCUSSION

**(1) Medical Opinion of Thomas Genthe, Ph.D.**

Plaintiff alleges the ALJ erred by improperly evaluating the opinion of Thomas Genthe, Ph.D. ECF No. 11 at 11–14.

ORDER - 4

The ALJ considers the persuasiveness of each medical opinion and prior administrative medical finding, regardless of whether the medical source is an Acceptable Medical Source. 20 C.F.R. § 404.1520c(c). The ALJ is required to consider multiple factors, including supportability, consistency, the source's relationship with the claimant, any specialization of the source, and other factors, such as the source's familiarity with other evidence in the file or an understanding of Social Security's disability program. *Id.* The regulations make clear that the supportability and consistency of the opinion are the most important factors, and the ALJ must articulate how she considered those factors in determining the persuasiveness of each medical opinion or prior administrative medical finding. 20 C.F.R. § 404.1520c(b). The ALJ may explain how she considered the other factors, but is not required to do so, except in cases where two or more opinions are equally well-supported and consistent with the record. *Id.*

> Supportability and consistency are further explained in the regulations:
>
> (1) *Supportability.* The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion[s] or prior administrative medical finding[s], the more persuasive the medical opinions or prior administrative medical finding[s] will be.
>
> (2) *Consistency.* The more consistent a medical opinion[s] or prior administrative medical finding[s] is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion[s] or prior administrative medical finding[s] will be.

20 C.F.R. § 404.1520c(c).

The Ninth Circuit has additionally held that the new regulatory framework displaces the longstanding case law requiring an ALJ to provide "specific and legitimate" or "clear and convincing" reasons for rejecting a treating or examining doctor's opinion. *Woods v. Kijakazi,* 32 F.4th 785, 787, 792 (9th Cir. 2022). "Now, an ALJ's decision, including the

ORDER - 5

decision to discredit any medical opinion, must simply be supported by substantial evidence." *Id.* at 787.

Dr. Genthe evaluated Plaintiff on January 6, 2020. Tr. 378–88. Based on an interview, mental status examination, and psychometric assessment, Dr. Genthe opined that Plaintiff had marked limitations in communicating and performing effectively in a work setting, maintaining appropriate behavior in a work setting, completing a normal workday and workweek without interruptions from psychologically based symptoms, and setting realistic goals and planning independently. Tr. 381.

The ALJ found Dr. Genthe's opinion unpersuasive because it "was based completely on the claimant's subjective complaints and Dr. Genthe's one-time observations, as he reported no medical records were provided for review." Tr. 41. The ALJ also found Dr. Genthe's assessment of marked limitations inconsistent with Plaintiff's own reports, which did not include allegations of mental impairments; inconsistent and unsupported by Dr. Genthe's own mental status examination, which was largely normal. Finally, the ALJ noted Dr. Genthe's opinion was inconsistent with the overall record. *Id.*

Plaintiff argues the ALJ erred by dismissing Dr. Genthe's opinion for being based on Plaintiff's subjective reports. ECF No. 11 at 12–13. Dr. Genthe interviewed Plaintiff and performed a mental status examination and a psychometric assessment. Tr. 383–88. Clinical interviews and mental status evaluations "'are objective measures and cannot be discounted as a self-report.'" *Id.* (quoting *Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017)). In response, Defendant argues Plaintiff's claimed symptoms "could not provide support for Dr. Genthe's opinion" because they "were not 'objective medical evidence.'" ECF No. 15 at 4–5. However, Defendant does not offer any citation support for this assertion[1] or meaningfully respond to Plaintiff's argument that the ALJ erred

---

[1] Defendant provides a citation for the principle that opinions supported by objective medical evidence are more persuasive, *see* ECF No. 15 at 5, but this is apart from the question of whether mental status examinations and clinical interviews *are* objective medical evidence.

ORDER - 6

under *Buck* by dismissing Dr. Genthe's clinical interview and mental status examination as mere self-report. *See* ECF No. 15 at 4-5. The ALJ was not required to accept Dr. Genthe's opinion, but it was error to dismiss his evaluation as mere observation of self-report. *See Buck*, 869 F.3d at 1049.

Plaintiff asks the Court to remand for an award of benefits. ECF No. 11 at 14. However, that remedy is only appropriate if the record leaves no doubt that the claimant is disabled. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1100–01 (9th Cir. 2014). That is not the case here. The Court will remand this matter for additional proceedings and explanation. *See Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004).

### (2) Plaintiff's Other Assignments of Error

Plaintiff also argues the ALJ erred by improperly assessing the medical opinion of Jay Toews, Ed.D., failing to conduct an adequate step three inquiry, rejecting lay witness testimony, rejecting Plaintiff's subjective complaints, and failing to conduct an adequate step five inquiry. ECF No. 11 at 14–22. The analysis of these issues could be impacted by the ALJ's assessment of Dr. Genthe's opinion. Therefore, the ALJ shall reevaluate those issues on remand as well.

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court finds the ALJ erred by dismissing Dr. Genthe's evaluation as mere observation of self-report. The Court has reviewed the briefs and the file and is fully informed. Accordingly,

**IT IS ORDERED** that:

1. Plaintiff's Brief, filed April 12, 2023, **ECF No. 11**, is **GRANTED IN PART.**

2. The matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

3. Defendant's Brief, filed June 26, 2023, **ECF No. 15**, is **DENIED**.

4. An application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide copies to counsel. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

ORDER - 7

**DATED** this 18th day of October, 2023.

10-16-23

_____
WM. FREMMING NIELSEN
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 8